

FILED
10/10/2012
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

PH

# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: PLASMA-DERIVATIVE PROTEIN
THERAPIES ANTITRUST LITIGATION
    County of San Mateo v. CSL Ltd., et al.,                 )
    N.D. Illinois, C.A. No. 1:11-cv-01468                        )      MDL No. 2109
    (N.D. California, C.A. No. 4:10-cv-05686)                 )

## REMAND ORDER

      **Before the Panel**: Pursuant to Panel Rule 10.2, defendants CSL Ltd., CSL Behring LLC, and CSL Plasma (collectively, CSL), Baxter International, Inc., and the Plasma Protein Therapeutics Association move to vacate our order that conditionally remanded a transferred action (*County of San Mateo*) to the Northern District of California, its transferor court. Plaintiff in the action opposes the motion and supports remand.

      After considering all argument of counsel, the Panel finds that remand of this action is appropriate. The transferee judge has determined that retention of this action would not serve the purposes of Section 1407. Defendants' primary arguments against remand are that (1) the core factual allegations of the complaint are virtually identical to the consolidated amended complaint in this MDL, and thus centralization remains necessary to avoid duplication of discovery and for the convenience of the parties and witnesses; (2) inefficiencies would be created by remand because another court would have to consider anew the standing issues raised in their motion to dismiss, which was only partially resolved by the transferee court; and (3) remand of this indirect purchaser antitrust action is inconsistent with the Panel's precedent of centralizing direct and indirect purchaser antitrust actions. The transferee judge, however, considered the arguments of the parties and found that remand to the transferor district is appropriate.

      In considering the question of remand, the Panel consistently gives great weight to the transferee judge's determination that remand of a particular action at a particular time is appropriate because the transferee judge, after all, supervises the day-to-day pretrial proceedings. *See, e.g., In re Columbia/HCA Healthcare Corp. Qui Tam Litig. (No. II)*, 560 F. Supp. 2d 1349, 1350 (J.P.M.L. 2008). The transferee judge's suggestion of remand obviously indicates that she "'perceives [her] role under Section 1407 to have ended.'" *Id.* at 1350 (quoting *In re Holiday Magic Secs. and Antitrust Litig.*, 433 F. Supp. 1125, 1126 (J.P.M.L. 1977)). Here, the transferee judge issued her decision after briefing by the parties, and she explained the factors she used in determining that Section 1407 remand is warranted. Her determination was appropriately based on "the totality of circumstances involved in that docket," rather than general practices concerning centralization of antitrust actions. *See In re Brand-Name Prescription Drugs Antitrust Litig.*, 170 F. Supp. 2d 1350, 1352 (J.P.M.L. 2001) ("Whether Section 1407 remand is appropriate for actions or claims in any

- 2 -

particular multidistrict docket is based upon the totality of circumstances involved in that docket."). Her suggestion of remand is thus well-taken, and we will order remand of this action.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, this action is remanded to the Northern District of California.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

| | |
|---|---|
| Kathryn H. Vratil | W. Royal Furgeson, Jr. |
| Barbara S. Jones | Paul J. Barbadoro |
| Marjorie O. Rendell | Charles R. Breyer |