Kevin J. Arquit
Michael Garvey
Alan Turner
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, NY 10017
(212) 455-2000
karquit@stblaw.com
mgarvey@stblaw.com
aturner@stblaw.com

*Attorney for Defendants*
*CSL Limited; CSL Behring LLC;*
*and CSL Plasma*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| COUNTY OF SAN MATEO,<br><br>               Plaintiff,<br><br>     vs.<br><br>CSL LIMITED; CSL BEHRING LLC; CSL PLASMA; BAXTER INTERNATIONAL INC.; and PLASMA PROTEIN THERAPEUTICS ASSOCIATION,<br><br>               Defendants. | CASE NO. 3:10-cv-5686-JSC<br><br>[P~~ROPOS~~ED] CONFIDENTIALITY ORDER |

Pursuant to Federal Rule of Civil Procedure 26(c), the following provisions shall govern the pretrial disclosure and use by the parties of all documents, electronically stored information ("ESI"), testimony, and other information produced during the course of discovery.

1. <u>DEFINITIONS</u>.

    1.1  <u>Party</u>: any named party to this action, including all of its officers, directors, employees, retained Experts, and outside counsel (and their support staff).

    1.2  <u>Disclosure or Discovery Material</u>: all documents, ESI, items, or other information, regardless of the medium or manner generated, stored, maintained or revealed (including, among other things, deposition testimony, transcripts, discovery responses and tangible things) that are produced or generated in disclosures or responses to discovery in the Litigation or the MDL.

    1.3  <u>"Confidential" Disclosure or Discovery Material</u>: Disclosure or Discovery Material that contains or reveals financial information, competitive information, any information protected from disclosure by law, including the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), personnel information or any other commercially sensitive information that the Designating Party deems confidential, or that otherwise is entitled to protective treatment under Federal Rule of Civil Procedure 26(c).

    1.4  <u>"Highly Confidential" Disclosure or Discovery Material</u>: "Confidential" Disclosure or Discovery Material that contains or reveals current or future business strategies, projections or plans regarding performance, budgets, pricing, production, output, sales, marketing or distribution practices or that contains proprietary information involving research and development, manufacturing know-how or technology, intellectual property or other trade secrets.

    1.5  <u>Receiving Party</u>: a Party or non-party that receives Disclosure or Discovery Material from a Producing Party in this action.

1.6     <u>Producing Party</u>:  a Party or non-party that produces Disclosure or Discovery Material in this action.

1.7     <u>Designating Party</u>:  a Party or non-party that designates Disclosure or Discovery Material as "Confidential" or "Highly Confidential."

1.8     <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as "Confidential" or "Highly Confidential."

1.9     <u>Outside Counsel</u>:  attorneys, paralegals and their support personnel who are not employees of a Party, but who are retained to represent a Party in this action and whose firms have executed this Order.

1.10    <u>In House Counsel</u>:  attorneys, paralegals and other legal department personnel who are employees of a Party and to whom disclosure of Disclosure or Discovery Material is reasonably necessary for this Litigation.

1.11    <u>Counsel (without qualifier)</u>:  Outside Counsel and In House Counsel (as well as their support staffs).

1.12    <u>Expert</u>:  a person who has specialized knowledge or experience in a matter pertinent to the Litigation, including his or her employees and support personnel (including firms and their employees whose normal business includes the provision of support services to expert witnesses), who has been retained by a Party or its Counsel to serve as a testifying expert witness, or as a non-testifying expert, or as a professional jury or trial consultant in connection with this Litigation.  An Expert may not include any person who is or was an owner, director, officer or employee of either (i) a Party, (ii) a member of the putative class(es) in the MDL, or (iii) a participant in the market(s) that are the subject of this lawsuit at any time between January 1, 2001 and the date this lawsuit concludes, as a competitor, customer, distributor or in any other capacity.

1.13 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; collecting, organizing, storing, retrieving data in any form or medium) and their employees and subcontractors.

1.14 <u>Separate Proceeding</u>: any case, legal proceeding, regulatory proceeding, arbitration, subpoena, information request or government investigation, excluding the present proceeding known as County of San Mateo v. CSL Limited et al., Case No. 10-cv-5686, United States District Court for the Northern District of California (the "Litigation") and the MDL.

1.15 <u>MDL</u>: the proceeding known as In re Plasma-Derivative Protein Therapies Antitrust Litigation, Case No. 09 C 7666, MDL No. 2109, United States District Court for the Northern District of Illinois, Eastern Division.

1.16 <u>Previously Designated Disclosure or Discovery Material</u>: Disclosure or Discovery Material previously produced in a Separate Proceeding and marked with a confidentiality designation.

2. <u>USE OF DISCLOSURE OR DISCOVERY MATERIAL IS LIMITED TO THIS LITIGATION</u>. Subject to the provisions of paragraphs 13 and 15, no Disclosure or Discovery Material may be used by the Receiving Party for any reason other than the prosecution or defense of claims in, or the settlement of, the Litigation.

3. <u>DESIGNATING MATERIAL</u>. The Producing Party may designate Disclosure or Discovery Material "Confidential" or "Highly Confidential," as specified below. The Producing Party shall apply a confidentiality designation only when that party has a reasonable, good faith belief that the information so designated constitutes "Confidential" or "Highly Confidential" material. The protections conferred by this Order cover not only the protected information itself, but also any information copied or extracted from it, as well as copies, excerpts, summaries, or

compilations thereof, plus testimony, conversations, or presentations by Parties or Counsel to or in court or in other settings that might disclose Protected Material.

   3.1 <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material must be designated for protection under this Order by clearly designating the material before it is disclosed or produced.  Disclosure or Discovery Material designated for protection under the Confidentiality Order in the MDL (MDL Docket No. 387) are deemed to have been properly designated for protection in the Litigation.

   3.2 <u>Designation Mechanics</u>.  The designation of materials as "Confidential" or "Highly Confidential" shall be made as follows:

   (a) for produced documents, by imprinting the word(s) "Confidential" or "Highly Confidential" on the face of each page of a document so designated or in a similarly conspicuous location for non-document materials;

   (b) for written discovery responses, by imprinting the word(s) "Confidential" or "Highly Confidential" next to or above any response to a discovery request or on each page of a response;

   (c) For depositions, by either of the following means: (i) by indicating on the record at the deposition which portions of the transcript, responses and/or exhibits should be treated as "Confidential" or "Highly Confidential"; or (ii) by sending written notice to all Parties within fourteen (14) calendar days of the date on which the transcript is available from the court reporter for distribution to counsel, identifying which portions of the transcript, responses and/or exhibits should be treated as "Confidential" or "Highly Confidential."  By stating orally that a portion of a deposition, response and/or exhibit is "Confidential" or "Highly Confidential," a Designating Party does not thereby waive its right to designate additional portions as such within the fourteen (14) day period.  All information disclosed during a deposition shall be deemed to

have been designated "Highly Confidential" during the fourteen (14) day period. Following the expiration of the fourteen (14) day period, only those portions of the transcript, responses and/or exhibits specifically designated as "Confidential" or "Highly Confidential" shall be treated as such. Wholesale designation of entire depositions as "Highly Confidential" and/or "Confidential" shall be disfavored. The first page of all transcripts shall state the pages, line numbers and exhibits of all material designated "Confidential" or "Highly Confidential" by any Designating Party on the record at a deposition. Additionally, all Receiving Parties shall attach a copy of any Designating Party's subsequent written designation to the face of the transcript and each copy thereof in that party's possession, custody or control.

3.3 <u>Upward Designation of Disclosure or Discovery Material by Other Parties or Non-Parties</u>. Subject to paragraph 3, a Party or non-party may upward designate (i.e., change any Disclosure or Discovery Material produced without a designation to a designation of "Confidential" or "Highly Confidential" or designate any Disclosure or Discovery Material produced as "Confidential" to a designation of "Highly Confidential") any Disclosure or Discovery Material produced by any other Party or non-party, provided that the Disclosure or Discovery Material contains the upward Designating Party's own "Confidential" or "Highly Confidential" Disclosure or Discovery Material.

Upward designation shall be accomplished by providing written notice to all Receiving Parties identifying (by Bates number or other individually identifiable information) the Disclosure or Discovery Material to be re-designated within thirty (30) days of production by the Producing Party. Any Party or non-party who inadvertently fails to upward designate any materials as "Confidential" or "Highly Confidential" shall have ten (10) days from the discovery of its oversight to correct its failure. Any Party may object to the upward designation of Disclosure or Discovery Material pursuant to the procedures set forth in paragraph 6 regarding challenging designations.

4.  ACCESS TO AND USE OF PROTECTED MATERIAL

   4.1  Disclosure of Confidential Information.  Unless otherwise ordered by the Court or permitted in writing by each Designating Party, a Receiving Party may disclose any Disclosure or Discovery Material designated as "Confidential" only:

   (a) to the Receiving Party's Outside Counsel;

   (b) to the Receiving Party's In House Counsel;

   (c) to the Parties, for the sole purpose of assisting in, or consulting with respect to, the prosecution or defense of this proceeding;

   (d) to any Expert to whom disclosure is reasonably necessary for this Litigation who has signed the "Agreement to Be Bound by Protective Order" (Exhibit "A");

   (e) to the Court and its personnel in this action, and any relevant appellate court in the event that any appeal is taken in this action;

   (f) to court reporters, their staffs, and Professional Vendors to whom disclosure is reasonably necessary for this Litigation;

   (g) to persons identified in a document designated as Confidential as an author of the document in part or in whole, or persons to whom a copy of such document was sent prior to its production in this action, provided that such individuals have signed the "Agreement to Be Bound by Protective Order" (Exhibit "A");

   (h) to any person who is identified or referenced in the document or whose conduct is purported to be identified in the document, provided that such individuals have signed the "Agreement to Be Bound by Protective Order" (Exhibit "A");

   (i) to any person who is a current or former employee of the Designating Party (if that person was employed by the Designating Party when the Confidential information was created), provided that such individuals have signed the "Agreement to Be Bound by Protective Order" (Exhibit "A");

(j) to deponents (including persons whose depositions have been noticed but not yet taken), trial or hearing witnesses and their counsel, in preparation for and/or during deposition, trial or pretrial hearings in this Litigation, provided that counsel for the party intending to disclose "Confidential" information has a good-faith basis for believing that such "Confidential" information is relevant to events, transactions, discussions, communications, information or data about which the deponent or witness is expected to testify or about which the deponent or witness may have knowledge, provided that such individuals have signed the "Agreement to Be Bound by Protective Order" (Exhibit A); and

(k) to any other person that each Designating Party has agreed to in advance in writing, according to the procedures set forth in paragraph 16 below.

4.2     <u>Disclosure of "Highly Confidential" Information</u>. Unless otherwise ordered by the Court or permitted in writing by each Designating Party, a Receiving Party may disclose any Disclosure or Discovery Material designated "Highly Confidential" only:

(a) to the Receiving Party's Outside Counsel;

(b) to any Expert to whom disclosure is reasonably necessary for this Litigation who has signed the "Agreement to Be Bound by Protective Order" (Exhibit "A");

(c) to the Court and its personnel in this action, and any relevant appellate court in the event that any appeal is taken in this action;

(d) to court reporters, their staffs, and Professional Vendors to whom disclosure is reasonably necessary for this Litigation;

(e) to persons identified in a document designated as "Highly Confidential" as the author of the document in part or in whole, or persons to whom a copy of such document was sent prior to its production in this action, provided that such individuals have signed the "Agreement to Be Bound by Protective Order" (Exhibit "A");

    (f) to any deponent (including persons whose depositions have been noticed but not yet taken), trial or hearing witness and their counsel, in preparation for and/or during deposition, trial or pretrial hearings in this Litigation, provided that counsel for the party intending to disclose "Highly Confidential" information has a good-faith basis for believing that such "Highly Confidential" information is relevant to specific events, transactions, discussions, communications, information or data about which the deponent or witness is expected to testify or about which the deponent or witness may have knowledge, provided that such individuals have signed the "Agreement to Be Bound by Protective Order" (Exhibit A).  Before disclosing any document pursuant to this paragraph, counsel who intends to disclose the document must first notify opposing counsel and counsel for the Designating Party of their intent to do so.  At depositions, trial or pretrial hearings, such notice may be accomplished by presenting a copy of the Highly Confidential document to counsel for the Designating Party, and permitting an opportunity to object, before the document is shown to the witness.  Counsel for any objector and counsel for the party seeking to disclose the document may raise their dispute by telephone call to the Court before disclosure is made.  Counsel who involve the Court in such disputes without justification may be subject to sanctions.  Until Designating Parties consent to the disclosure, or until the Court orders disclosure, the document at issue and the information in the document shall not be disclosed to or discussed with the witness;

    (g) to any person who is identified or referenced in the document or whose conduct is purported to be identified in the document, provided that such individuals have signed the "Agreement to Be Bound by Protective Order" (Exhibit "A"), and provided that the person is not a current employee, officer or director of (1) a plasma collection center, or (2) a producer, distributor, or purchaser of any Plasma-Derivative Protein Therapy or any component of any Plasma Derivative Protein Therapy;

(h)     to any person who is a former employee of the Designating Party (if that person was employed by the Designating Party when the Highly Confidential information was created), provided that such individuals have signed the "Agreement to Be Bound by Protective Order" (Exhibit "A"), and provided that the person is not a current employee, officer or director of (1) a plasma collection center, or (2) a producer, distributor, or purchaser of any Plasma-Derivative Protein Therapy or any component of any Plasma Derivative Protein Therapy; and

(i)  to any other person that each Designating Party has agreed to in advance in writing, according to the procedures set forth in paragraph 16 below.

5.     RESPONSIBILITY FOR COMPLIANCE.  The Receiving Party's Counsel who discloses "Confidential" or "Highly Confidential" information shall be responsible for assuring compliance with the terms of this Order with respect to persons to whom such "Confidential" or "Highly Confidential" information is disclosed, and shall obtain and retain the original Agreements to Be Bound by Protective Order (Exhibit "A") executed by qualified recipients of "Confidential" or "Highly Confidential" information (if such execution was required by the terms of this Order).  Persons who come into contact with "Confidential" or "Highly Confidential" material only for clerical, administrative, stenographic, or court reporting purposes are not required to execute the Agreement to Be Bound by Protective Order (Exhibit "A").  If it comes to a Designating Party's attention that any materials that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other Parties that it is withdrawing or amending the designation.

6.     CHALLENGES TO DESIGNATION.  Entry of this Order shall be without prejudice to any Party's motion for relief from or modification of the provisions hereof or to any other motion relating to the production, exchange, or use of any Disclosure or Discovery

Material. If a Party disagrees with a Designating Party's designation of Disclosure or Discovery Material as "Confidential" or "Highly Confidential" the Party contesting the designation shall provide to the Designating Party, through its counsel, written notice of its disagreement. The Designating Party or its counsel shall respond to the objection in writing within 10 calendar days of its receipt of such written objection by either (i) agreeing to remove the designation; or (ii) stating reasons supporting the designation. If the objecting party and the Designating Party are unable to agree upon the terms and conditions of disclosure for the Disclosure or Discovery Material at issue, the objecting party may arrange a telephone conference with the Court to resolve the disputed designation. In such event, the Designating Party or its counsel and the objecting party or its counsel will participate in a telephone conference with the Court within 5 days, or as soon thereafter as the Court's schedule permits, in order to resolve the disputed designation. Pending the resolution of the disputed designation, the Disclosure or Discovery Material at issue shall continue to be treated in accordance with the Designating Party's designation of "Confidential" or "Highly Confidential" unless and until differing treatment is directed pursuant to order of the Court or by subsequent resolution of the dispute by the Designating and objecting Party.

A Party does not waive its right to challenge a confidentiality designation by not electing to mount a challenge promptly after the original designation is made.

In the event that the Court orders that the challenged material is not properly designated, the Designating Party shall reproduce copies of all materials with their designations removed or amended in accordance with the ruling within thirty (30) days at the expense of the Designating Party.

7.   <u>DOCUMENTS PREVIOUSLY PRODUCED IN SEPARATE PROCEEDING</u>. A Party may produce Previously Designated Disclosure or Discovery Material with any confidentiality designations applied in a Separate Proceeding.

7.1     If a Producing Party produces in the Litigation Disclosure or Discovery Material previously produced in a Separate Proceeding, the Producing Party must provide written notice to all Parties identifying (by Bates number) the Previously Designated Disclosure or Discovery Material.

7.2     If the Previously Designated Disclosure or Discovery Material includes a confidentiality designation other than "Confidential" or "Highly Confidential," the Producing Party shall also provide written notice to all Parties of the appropriate comparable confidentiality designation (e.g., a Designating Party would provide written notice that "Highly Confidential – Attorneys' Eyes Only" should be treated as "Highly Confidential").

7.3     If a Party disagrees with the confidentiality designation applied to Previously Designated Disclosure or Discovery Material, the Party contesting the designation shall provide to the Producing Party, through its counsel, written notice of its disagreement. The Producing Party or its counsel shall respond to the objection in writing within 14 calendar days of its receipt of such written objection by either (i) agreeing to remove or amend the designation; or (ii) stating reasons supporting the designation.  If the objecting party and the Producing Party are unable to agree upon the terms and conditions of disclosure for the Disclosure or Discovery Material at issue, the objecting party may arrange a telephone conference with the Court to resolve the disputed designation.  In such event, the Producing Party or its counsel and the objecting party or its counsel will participate in a telephone conference with the Court within 5 days, or as soon thereafter as the Court's schedule permits, in order to resolve the disputed designation.  Pending the resolution of the disputed designation, the Previously Designated Disclosure or Discovery Material at issue shall continue to be treated in accordance with the Producing Party's previous confidentiality designation, unless and until differing treatment is directed pursuant to order of the Court or by subsequent resolution of the dispute by the Designating and objecting Party.  A Party does

not waive its right to challenge a confidentiality designation by not electing to mount a challenge promptly after the original designation is made.  In the event that the Court orders that any challenged Disclosure or Discovery Material is not properly designated, the Designating Party shall reproduce copies of all materials with their designations removed or amended in accordance with the ruling within thirty (30) days at the expense of the Designating Party.

7.4. If any original confidentiality designation applied to Previously Designated Disclosure or Discovery Material subsequently was ruled by a Court to be improper, the Producing Party shall re-designate that Disclosure or Discovery Material in accordance with that Court's ruling before producing it to the Receiving Party in this Litigation.

8. <u>INADVERTENT FAILURE TO DESIGNATE DISCLOSURE OR DISCOVERY MATERIAL AS "CONFIDENTIAL" OR "HIGHLY CONFIDENTIAL"</u>.  Any Party or non-party who inadvertently fails to designate Disclosure or Discovery Materials as "Confidential" or "Highly Confidential" shall have ten (10) days from the discovery of its oversight to correct its failure.  Such failure shall be corrected by providing to all Receiving Parties written notice of the error and substituted copies of the inadvertently unmarked or improperly-marked Disclosure or Discovery Material.  Any Party receiving such inadvertently unmarked or improperly-marked Disclosure or Discovery Material shall make reasonable efforts to notify any persons known to have possession of such re-designated Disclosure or Discovery Material of the effect of such re-designation under this Order, and to retrieve the Disclosure or Discovery Material distributed to persons not entitled to receive Disclosure or Discovery Material with the corrected designation.

9. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED</u>.  If a Receiving Party is served with a subpoena or an order is issued in separate litigation, or other

form of compulsory process that would compel disclosure of any Protected Material, the Receiving Party must so notify all Parties and the Designating Party, in writing immediately and in no event more than five (5) days after receiving the subpoena, order or other form of compulsory process. Such notification must include a copy of the subpoena, court order or other form of compulsory process.

      9.1    The Receiving Party also must immediately deliver a copy of this Order to the parties in the separate litigation, and inform them in writing that some or all of the material requested is subject to this Order.

      9.2    The purpose of imposing these duties is to alert the parties to the separate litigation of the existence of this Order and to afford the Parties and the Designating Party in this case an opportunity to protect its confidentiality interest in the court or other body from which the subpoena, order or other form of compulsory process issued. The Designating Party shall bear the burden and the expense of seeking protection in that court or body of its Protected Material, however, the Receiving Party shall use all reasonable efforts to cooperate with the Designating Party to protect against disclosure of Protected Material and shall not deliver or produce Protected Material in response to any such separate subpoena or order prior to (1) the date due, and (2) timely informing the Designating Party. Nothing in these provisions should be construed as requiring a Receiving Party to disobey a lawful directive from another court or body with the authority to compel disclosure of Protected Material.

      10.    <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>. If a Receiving Party learns that it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must, within 2 business days of learning of such disclosure, (a) notify in writing the Designating Party of the unauthorized disclosures and all pertinent facts relating to such disclosures, (b) make every reasonable effort to prevent disclosure by each unauthorized person who received such

information, (c) use its best reasonable efforts to retrieve all copies of the Protected Material, (d) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (e) request such person or persons to execute the "Agreement to Be Bound by Protective Order" (Exhibit "A").

11. <u>FILING CONFIDENTIAL MATERIAL WITH THE COURT</u>.  If a Party files a document containing "Confidential" or "Highly Confidential" information with the Court, it shall do so in compliance with the Court's applicable local rules, including but not limited to Northern District of California Local Rule 79-5.

12. <u>INTRODUCING CONFIDENTIAL INFORMATION IN COURT PROCEEDINGS</u>.

12.1   A Party who seeks to introduce "Highly Confidential" Disclosure or Discovery Material at a hearing or other proceeding shall notify the Designating Party not less than one hour in advance of the hearing and shall advise the Court at the time of or before introduction that the Disclosure or Discovery Material sought to be introduced is Protected Material.  Prior to disclosure of "Highly Confidential" Disclosure or Discovery Material at a hearing, the Designating Party may seek from the Court further protections against public disclosure of all or part of such Disclosure or Discovery Material.

12.2   A Party who seeks to introduce "Confidential" Disclosure or Discovery Material at a hearing or other proceeding shall advise the Court and the Designating Party at the time of or before introduction that the Disclosure or Discovery Material sought to be introduced is Protected Material.  Prior to disclosure of "Confidential" Disclosure or Discovery Material at a hearing, the Designating Party may seek from the Court further protections against public disclosure of all or part of such Disclosure or Discovery Material.

13. <u>USE AND DISCLOSURE OF INDEPENDENTLY OBTAINED INFORMATION</u>.  Nothing herein shall impose any restriction on the use or disclosure by a

Party or its agent of its own information, or of publicly available information, or of information lawfully available to that Party, or of information that lawfully came into the possession of the Party independent of any disclosure of Disclosure or Discovery Material in this Litigation and without any corresponding confidentiality obligation.

14.     ADVICE TO CLIENT.  Nothing in this Order will bar or otherwise restrict Counsel from rendering advice to his or her client, but only if such client is a Party, with respect to this matter or from generally referring to or relying upon "Confidential" or "Highly Confidential" Disclosure or Discovery Material in rendering such advice.

15.     PRE-TRIAL APPLICATION ONLY.  This Order shall apply to pre-trial proceedings in this Litigation and shall have no application at trial.  The Parties agree to confer in good faith on a protective order to govern during trial in this Litigation.  This Order, however, shall remain in effect until such time as an order to govern trial proceedings is entered.  Should the Producing or Designating Party believe any document warrants protection beyond that described above, the Parties and impacted non-parties shall confer with respect to the treatment of that specific document.

16.     AGREED DISCLOSURE OF PROTECTED MATERIAL.  Any Party may request at any time permission to disclose Disclosure or Discovery Material to a person other than those permitted under paragraph 4 above (or to use such information in a manner prohibited by this Protective Order) by serving a written request upon each Designating Party's counsel with copies to counsel for all Parties in this Litigation, and confirming receipt thereof. Any such request shall state the Disclosure or Discovery Material the party wishes to disclose, to whom it wishes to make disclosure and the reason(s) and purpose therefor.  The Designating Party or its counsel shall respond in writing to any such request within 10 calendar days of its receipt; and if consent is withheld, it shall state the reasons why consent is being withheld.  If, where consent is withheld, the requesting party and the Designating Party

are subsequently unable to agree on the terms and conditions of disclosure, disclosure may only be made in accordance with each Designating Party's designation of the Disclosure or Discovery Material as "Confidential" or "Highly Confidential" unless and until differing treatment is directed pursuant to an order of the Court or by subsequent resolution of the dispute by the Designating and requesting Party.

17.     THIRD PARTIES.  The Parties, in conducting discovery from third parties, shall attach to such discovery requests, subpoenas, or other discovery a copy of this Protective Order so as to apprise such third parties of their rights herein.

18.     DURATION OF ORDER/RETURN OF CONFIDENTIAL INFORMATION. All provisions of this Order restricting the use of "Confidential" or "Highly Confidential" Disclosure or Discovery Material shall continue to be binding after the conclusion of this Litigation, unless otherwise agreed or ordered by the Court.  Within sixty (60) days of the conclusion of the Litigation (whether by entry of a final order of dismissal, judgment, settlement, or disposition on appeal, or otherwise), a Producing or Designating Party may request that a person in the possession of the Producing or Designating Party's "Confidential" or "Highly Confidential" Disclosure or Discovery Material return or destroy that material (other than Outside Counsel's copies of documents filed with the Court or Outside Counsel's file copies of documents attached to or information incorporated in attorney work product prepared in connection with this Litigation).  The Receiving Party may decide whether it will return or destroy that Disclosure or Discovery Material.  If the Receiving Party elects to destroy the "Confidential" or "Highly Confidential" Disclosure or Discovery Material, it shall certify within sixty (60) days that reasonable efforts have been made to assure that all such Disclosure or Discovery Material has been destroyed.  To the extent any person retains copies of the "Confidential" or "Highly Confidential" Disclosure or Discovery Material pursuant to the terms

of this paragraph, such "Confidential" or "Highly Confidential" Disclosure or Discovery Material shall continue to be subject to the protections provided by this Order.

19. <u>FUTURE PARTIES</u>.  The terms of this Order shall be binding upon all current and future parties to this Litigation and their counsel.  Within 10 business days of the entry of appearance by a new party to this Litigation, counsel representing all current Parties shall promptly confer and serve a copy of this Protective Order on such new party's counsel.

20. <u>RESERVATION OF RIGHTS</u>.  Nothing contained in this Order or any designation of confidentiality hereunder, or any failure to make such designation, shall be used or characterized by any Party as an admission by a Party or a Party opponent.  Nothing in this Order shall be deemed an admission that any particular information designated as "Confidential" or "Highly Confidential" is entitled to protection under the Order, Federal Rule of Civil Procedure 26(c), or any other law.  Nothing in this Order shall be construed as granting any person or entity a right to receive specific "Confidential" or "Highly Confidential" information where a court has entered an order precluding that person or entity from obtaining access to that information.  The Parties specifically reserve the right to challenge the designation of any particular information as "Confidential" or "Highly Confidential" and agree that by stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order.  Similarly, no Party waives any right to object on any ground to the introduction or use as evidence of any of the Disclosure or Discovery Material covered by this Order.

21. <u>JURISDICTION</u>.  The Court retains jurisdiction to enforce the terms and conditions of this Order in the event that the Litigation concludes before trial and no additional confidentiality order is entered governing the proceedings as contemplated by paragraph 15.

**GOOD CAUSE APPEARING THEREFORE, THE FOREGOING IS SO ORDERED.**

Dated: __October 24__, 2014         _____
                                    Jacqueline Scott Corley
                                    United States Magistrate Judge